HON. MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SANDRA LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEA MAR COMMUNITY HEALTH CENTERS,<br><br>Defendant. | Case No. 2:22-cv-00185-MJP<br><br>**PLAINTIFF'S MOTION TO REMAND**<br><br>NOTE FOR MOTION CALENDAR:<br>March 25, 2022 |

| | |
|---|---|
| 1 | Plaintiff Sandra Lopez respectfully files this motion to remand pursuant to 28 U.S.C. § |
| 2 | 1447(c), and request that the Court remand this action to state court. Specifically, Defendant Sea |
| 3 | Mar Community Center's ("Sea Mar") removal of this action is procedurally and substantively |
| 4 | infirm and this action must be remanded to the King County Superior Court. |

## BACKGROUND

Plaintiffs filed their complaint in King County Superior Court on December 13, 2021 and served Defendant Sea Mar on December 17, 2021. Sea Mar answered on January 4, 2022 and amended its answer on February 7, 2022.

Sea Mar provided notice of this litigation to the United States Department of Health and Human Services (HHS) on February 8, 2022. *See* Notice of Filing, filed herewith, Dkt. 8. On February 9, 2022, HHS notified the United States Attorney for the Western District of Washington of the litigation. *Id*. The United States Attorney filed a notice on February 11, 2022, stating that it was considering whether "Defendant Sea Mar Community Health Centers is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the action or omissions that are that are the subject of [this case]." *Id*. On February 16, 2022, Sea Mar filed its notice of removal based upon the Public Health Services Act. 42 U.S.C. § 233.

## ARGUMENT

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Sea Mar has failed to meet this burden or overcome the strong presumption against removal jurisdiction.

The procedure provided by 42 U.S.C. § 233 is not complex. When an action is filed against an entity that may be subject to protection under the Public Health Service Act, the Attorney General (or its delegee) determines whether the United States should intervene to defend the action. 42 U.S.C. § 233(b). Within 15 days of being notified of a state lawsuit, the Attorney General (or its delegee) must appear in the state court action and advise whether it has determined that the

**PLAINTIFFS' MOTION TO REMAND** - 1

HAMMONDLAW, P.C.
11780 W Sample Rd., Suite 103
Coral Springs, FL 33065
(310) 601-6766

defendant is "deemed to be an employee." 42 U.S.C. § 233(l)(1). If, unlike in this case, the Attorney General (or its delegee) does not appear within 15 days after being notified, a defendant may remove the case to federal court for a determination as to the appropriate forum or procedure for the assertion of the claim for damages. 42 U.S.C. § 233(l)(2).

Sea Mar's removal suffers from two, fatal defects. First, the United States Attorney appeared in the state court action within 15 days of being notified, informing the Court that "whether Defendant Sea Mar Community Health Centers is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the action or omissions that are the subject of the above-captioned action, *is under consideration*." Dkt. 8 (emphasis added.) Second, Sea Mar failed to wait 15 days from its notice before filing this removal.

Neither the mere fact that Sea Mar attached deeming notices nor Sea Mar's premature filing of a removal action are sufficient to meet the removal requirements of 42 U.S.C. § 233. "Notices of Deeming Action are only a precondition to the Government's ultimate decision to grant FTCA coverage. The Attorney General must still certify 'that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose,' which naturally happens after the suit is filed. 42 U.S.C. § 233(c)." *K.C. v. Cal. Hosp. Med. Ctr.*, No. 2:18-cv-06619-RGK-ASx, 2018 U.S. Dist. LEXIS 192383, at *10 (C.D. Cal. Nov. 8, 2018). The Attorney General has not so certified. Neither did Sea Mar wait to remove this case until after the Attorney General has so certified after completing its consideration. Sea Mar's removal is thus improper and untimely.

In *Allen v. Christenberry*, a case presenting similar facts, the Eleventh Circuit Court of Appeals held that the removal by the defendant doctors was improper because 42 U.S.C. § 233 authorized removal in only two circumstances, neither of which occurred.

> "The reason the removal. . . was improper is the statute authorizes removal in only two circumstances, and neither occurred here. If the Attorney General had notified the court that HHS had determined that the doctors were deemed employees of PHS, effectively certifying that they had been acting within the scope of their employment with it, removal would have been proper (indeed mandatory). 42

> U.S.C. § 233(c), (l)(1). But that did not happen . . . The statute does not provide for removal upon notification that no decision has been reached yet . . .
>
> If the Attorney General had failed to appear in state court within 15 days of being notified of the suit, Drs. Christenberry and Godfree could have removed the case to federal court themselves. *Id.* § 233(l)(2). But that did not happen, either."

*Allen v. Christenberry*, 327 F.3d 1290, 1294–95 (11th Cir. 2003). In this case, the Attorney General specifically informed this Court that "whether Defendant Sea Mar Community Health Centers is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the action or omissions that are the subject of the above-captioned action, is under consideration." The Attorney General thus has not concluded that Sea Mar Community Health Centers was acting as an employee of the Public Health Service with respect to the actions or omissions that are the subject of this action, and therefore the Attorney General's appearance in this action is not sufficient to confer removal jurisdiction; nor is Sea Mar's premature motion.

## CONCLUSION

Sea Mar has failed to meet the requirements of the removal procedure provided by 42 U.S.C. § 233 and has thus failed to overcome the "strong presumption" against removal jurisdiction in this case. The action must be remanded to King County Superior Court.

Respectfully submitted this 1st of March, 2022.

By: */s/ Julian Hammond*
Julian Hammond (WSBA # 52096)
HAMMONDLAW, P.C.
11780 W Sample Rd., Suite 103
Coral Springs, FL 33065
(310) 601-6766
(310) 295-2385 (Fax)
*Attorneys for Plaintiff and the Putative Class*